Hitchcock, J.,
delivered the opinion of the court:
The act “defining the duties of sheriffs and coroners in certain cases,” passed February 25, 1824, and which was in force at the-time the cause of action in this case is supposed to have accrued, requires that these officers shall give bond within ten days after-they have received their commission, to the State of Ohio, with two or more securities to be approved of by the court of common, pleas of the proper county, in any sum not exceeding twenty thousand dollars, conditioned for the faithful discharge of the duties of their respective offices; and the court authorized, at any time during the continuance of the officer in office, to require-“further and additional security, as they may deem necessary.” Chase’s Stat. 1351. The bond now in suit was given in pursuance of this latter provision of the statute; and the question presented by the demurrer to the second plea is, whether such further or additional securities can be made liable for the default of the sheriff until the bond first executed is exhausted. Before the-sheriff can proceed to discharge the duties of his office, he must execute a bond with security conditioned for the faithful discharge of those duties. The amount is discretionary with the court, provided the same does not exceed twenty thousand dollars. But if, at any time, in the opinion of the court, further security is necessary, as may often appear to be the case, the court has a right to require it. This is a provision of law well calculated for the security of the public, and bought, in all cases, to be resorted to when there is the least apprehension that the first bond is not sufficient, either on account of the limited amount of the penalty or of the inability of the sureties to respond in that amount. If *518 a second bond is required and executed, the condition is the same as in the first, and the obligors are equally bound with those in the first, for the same conduct of the sheriff, although perhaps not to the same extent. For neither can be bound beyond the amount of the penalty of the bond by them severally executed. A breach of the condition of one would be a breach of the condition of the other.
As, however, different bonds have been executed, and by different obligors, they can not be joined in the same suit. This furnishes no reason, however, why a person who has sustained an injury by the misconduct of a sheriff may not have his action upon either bond, as to him shall seem most proper. We incline to the opinion that'he may thus have his action, and therefore that his plea is not a bar to the plaintiff’s suit. Whether, after a recovery against one set of securities, and money made, these would have a claim for contribution against the others,- it is not necessary now to determine.
The third and fourth pleas are substantially the same, and raise the question whether the securities of a sheriff are holden for a period beyond that for which he had been elected when the bond was executed. It would seem clear, upon a bare statement of the proposition, that they are not. No principle is better settled, perhaps, than that securities shall not be bound beyond the scope of their undertaking, and that the obligation resting upon them shall not be extended by implication. To sustain this position, without quoting authorities, I shall barely refer to those cited by counsel for the defendants. Notwithstanding this principle is well established, we have no inconsiderable difficulty in coming to a conclusion in this case. This difficulty arises from an apparent conflict between the constitutional and statutory provisions upon the subject. I say apparent conflict because, from a careful examination, I am satisfied there is none in reality.
The first section of article 6 of the state constitution provides that “there shall be elected in each county one sheriff .and one coroner, by the citizens thereof,, who are qualified to vote for members of assembly. They shall be elected at the time and place of holding elections for members of assembly. *They shall continue in office for two years if they shall so long behave well,, and until successors be chosen and duly qualified: provided, that n.o person shall be eligible as sheriff for a. longer term than four years in any period of six years.” This section prescribe» *519 the times at which sheriffs shall be elected, and by whom, but it does not prescribe the qualifications of the individual who may be elected, nor is anything required of him before entering upon the duties of his office, except that, like all other persons elected ■or appointed to offices of trust or profit under the authority of the state, he shall take an oath of office. It prescribes also the term of office; it is two years. And he is allowed to continue in office until his successor is chosen and qualified. He shall not, however, ■be elected for a longer term than four years in six. The design ■of permitting him to hold even until a successor was qualified, undoubtedly was that there should be no vacancy for the reasonable time that it would take to have the successor notified of his election, commissioned, and qualified. Counsel for the plaintiff seem to suppose that if the person elected to succeed a sheriff in office should not qualify, that the incumbent might hold even without limitation of time, and in this way defeat the spirit of that part of the constitution which limits the term of service to four years in six. Does it follow, because the sheriff is an officer known to the constitution, and the time, place, and manner of his election is prescribed in that instrument, that the legislature can not legislate upon the subject? We apprehend not; and so it was held in the case of State of Ohio ex rel. Uriah Loomis V. L. Moffitt, 5 Ohio, 366. The legislature have not the power to say that a sheriff shall be elected for a longer or shorter period than two years, or for more than four years in six. They have not the power to change the qualifications of electors voting for this officer, or to say that he shall not hold his office until his successor is chosen and qualified, because, in so doing, they would explicitly violate the constitution. But they have the power to provide in consequence of what acts of the officer, or of the neglect of what duties the office shall be considered vacant. They have the power also to prescribe the duties of the office, for this is not done by the constitution itself. They have the power also to prescribe the qualifications necessary to render a man eligible to the office, and io prescribe the necessary qualifications to be taken after a person is elected, before he *shall proceed to discharge the duties of the office. If they provide that in consequence of the commission of certain acts, or the omission of certain duties by an incumbent, the office shall be considered vacant, they have the power to direct what officer shall succeed that *520 incumbent, in the discharge of the duties of that office, until a sheriff can be regularly elected and qualified. All these things, and many others, may be done by the general assembly, and still the constitution would not be violated, because the legislation would not be inconsistent with it.
In pursuance of the powers vested in the legislature, that body has acted upon this subject It has prescribed the duties and qualifications of sheriffs. 'For the security of the public and of individuals, this officer, after his election, and before entering upon the duties of his office, is required to give bond with security conditioned for the faithful discharge of those duties. This bond is a thing unknown to the constitution; it is a creature of the statute. And in order to ascertain the extent of the liability of the obligors, it is necessary to have resort to this statute.
The act of February 25,1824, defining the duties of sheriffs and coroners, Chase’s Stat. 1351, in the first section, requires a sheriff ■within ten days after having received his commission, to give bond with security, tó be approved of by the court of common pleas, conditioned for the faithful discharge of the duties of his office, and upon failure to give the bond within the time prescribed by law, “he shall be taken and deemed to have resigned his said office.” The same sección authorizes the court of common pleas to require further or additional security, and upon the failure of the sheriff to give this additional security, the court is authorized “ to declare the office of such sheriff vacant, and proceed accordingly.”
By section 8, it is made the duty of any sheriff, the term of office for which he was elected having expired, to deliver over all ' writs, prisoners, etc., “ to such person as may have been elected and qualified to discharge the duties of sheriff, or if no such person shall have been so elected and qualified as aforesaid, then to the coroner of said county,” etc. The same section provides, that “ during the time the office of sheriff shall be vacant in any county, the coroner thereof shall be bound to perform all the duties, and be vested with all the powers of sheriff of said county.” In effect, when the sheriff Select does not qualify, the coroner becomes successor to the former sheriff. His successor has been elected, but not having qualified, the law declares the office vacant, and when vacant, the same law declares that the coroner shall act as sheriff.
*521 That the same individual shall have been re-elected can make no-difference in the case. The constitution has prescribed the term, of office. It is two years. When he is re-elected, he must be again commissioned, and within ten days thereafter, he must execute the bond, and upon failure so to do, “ he shall be taken and deemed to have resigned his said office.” Having resigned the office of sheriff, with what propriety can he still discharge the duties of the office under a former election ?
With this law before them, what would the securities of a sheriff, when about to execute the bond, suppose was the extent of their undertaking? Nothing more than that he should faithfully discharge the duties of his office during the term for which he was, elected. By adverting to the constitution, they would find this term was two years, and until a successor should be elected and qualified. The constitution requires, that at the end of two years^ a successor shall be elected, and the law requiring the bond which they are about to execute, provides, that if this successor fails to qualify, the office of sheriff shall be held to be vacant, and the-coroner shall succeed to discharge its duties. They would be led to the conclusion that their obligation, at the furthermost, could not continue beyond ten days after a successor had been commissioned. This seems to a majority of the court to be the commonsense construction of this statute, taken in connection with the constitution, and that it is not within the scope of the undertaking-of the securities of a sheriff, that they shall be bound for his performance of the duties of his office beyond the term for which he is elected when the obligation is entered into.
This view of the subject is sustained by the following cases: Commonwealth v. Daynton, 4 Dallas, 282; Commonwealth v. Fairfax et al., 4 Hen. & Mumf. 208; United States v. Kirkpatrick, 9 Wheaton, 720; Farrer & Brown v. United States, 5 Pet. 373; Proprietors & Co. of the Liverpool Water-works v. Atkinson, 6 East, 507; Lord Arlington v. Merricke, 3 Saund. 412 ; Thompson v. Young and Wife, 2 Ohio, 334.
*These cases are all somewhat analogous to the case now before the court, and the case of the Commonwealth v. Fairfax and others peculiarly so. That was an action against the sureties of a sheriff upon his official bond. The statute of Yirginia provides, that “ every person commissioned and qualified as sheriff shall be continued in office one year after his qualification, and *522 ■may, with his own consent,, and the approbation of the executive, -be continued for two years, and no longer, unless by some accident -or impediment, a succeeding sheriff shall be prevented from qualifying, in which case the preceding sheriff shall continue to act till .a successor be duly qualified.”
Alexander White had been appointed sheriff of Jefferson county, •and the defendants were his securities. The default for which the •suit was brought happened in the second year of his sheriffalty. For this year he had not given bonds.
The court decided that the defendants were holden only for the first year ,of his appointment, and as the defalcation happened •afterward, they were exonerated.
In the case now under consideration, the third and fourth pleas •.show that Thompson was elected sheriff in October, 1824, and that for the faithful performance of the duties of the office for the term for which he was then elected, these defendants executed the bond •now in suit. He was re-elected in 1826, but gave no bond, consequently, under the law, the duties of the office devolved upon the •coroner. Although Thompson continued to discharge the duties •of the office, he was not sheriff de jure, but merely de facto. It was during this period that the moneys of the plaintiff came into his hands, and payment oí these moneys was refused. This not ■being within the time for which these defendants were bound for his faithful performance, they can not be made liable for his default.
These pleas are a bar to the action'; the demurrer must be «therefore overruled, and judgment rendered for the defendants.